```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Edward Allard and
Sandra Allard

    v.                                             Civil No. 12-cv-65-JL

Foremost Insurance Company, Inc.
and Marsh-Kemp Insurance Company, Inc.

## SUMMARY ORDER

The plaintiffs, citizens of Massachusetts, brought this state-law action against Foremost Insurance Company, Inc., a Delaware corporation with its principal place of business in Michigan, and Marsh-Kemp Insurance Company, Inc., a Massachusetts corporation with its principal place of business there. The plaintiffs claim that, due to certain actions Marsh-Kemp allegedly took while acting as Foremost's agent, Foremost "cannot deny [the plaintiffs] coverage for losses related to the flooding" they suffered to a manufactured home they owned in Rumney, New Hampshire (while, the complaint expressly states, maintaining their "year-round home" in Massachusetts).

The only basis the plaintiffs have asserted for this court's subject-matter jurisdiction is diversity, see 28 U.S.C. § 1332, on the theory that the parties "are citizens of different states, as the Allards are citizens of Massachusetts, and defendant Foremost Insurance Company is a resident of Michigan." But this

assertion addresses the citizenship of just one of the two defendants, ignoring the citizenship of the other--Marsh-Kemp, which, as just noted, is a citizen of Massachusetts, the same state as the plaintiffs.  Diversity jurisdiction, of course, requires complete diversity, i.e., no plaintiff can be a citizen of the same state as any defendant, Strawbridge v. Curtiss, 7 U.S. 267 (1806), and, as the allegations of the plaintiffs' own complaint show, it is plainly lacking here.

Predictably, then, the defendants moved to dismiss this action for lack of subject-matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  Rather than acknowledging this inescapable conclusion, the plaintiffs filed a motion to stay this action. The motion announced that the plaintiffs were "prepared to object to [the defendants'] motion based upon the location of the New Hampshire property as satisfying the diversity requirement," but acknowledged that "the faster and more efficient way to address the merits of their present claims may be simply to refile this present matter as a state court action" (though the motion hinted that such an action would be met by a limitations defense).  The court denied the plaintiffs' request for a stay, but granted them additional time to respond to the defendants' motion to dismiss.

The plaintiffs have since filed a response to the motion to dismiss, but they do not advance their novel location-of-the-

property argument as a basis for diversity jurisdiction. Instead, they argue that Marsh-Kemp is not an indispensible party under Rule 19 of the Federal Rules of Civil Procedure.  Even if a party is not indispensible, however, but "merely proper . . . if in fact he or she has been joined in the action, that party's citizenship must be considered for purposes of determining whether subject matter jurisdiction exists."  13E Charles Alan Wright et al., Federal Practice & Procedure § 3606, at 262-63 (3d ed. 2009).  Of course, it was the plaintiffs who named an allegedly non-indispensible--yet indisputably non-diverse--party to a lawsuit they attempted to file here on diversity grounds.

The plaintiffs also suggest that "Marsh-Kemp, if necessary, may be dismissed without requiring dismissal of the entire action."  It is true that "when a party whose presence in the case would destroy jurisdiction is not considered to be 'indispensible,' it may be possible . . . for the plaintiff to have the action dismissed as to that [party] and thereby preserve the court's jurisdiction."  Id. at 265-66.  Furthermore, because Marsh-Kemp has yet to answer or move for summary judgment, the plaintiffs are entitled to voluntarily dismiss their claims against Marsh-Kemp as of right.  See Fed. R. Civ. P. 41(a)(1)(A).

Accordingly, the court will treat the plaintiffs' objection to the motion to dismiss as a notice of voluntary dismissal of

3

their claims against Marsh-Kemp.  Those claims are dismissed without prejudice.  See Fed. R. Civ. P. 41(a)(1)(B).  As just explained, this has the effect of mooting the defendants' motion to dismiss for lack of subject-matter jurisdiction, since the plaintiffs are diverse from the only remaining defendant, Foremost.  It is a fact known only to the plaintiffs and their counsel why they did not simply file a notice of dismissal of their claims against Marsh-Kemp as their initial response to the motion to dismiss, rather than delaying matters and invoking their strange location-of-the-property theory of diversity jurisdiction in a non-in rem case (to say nothing of why they failed to realize before filing suit here that naming Marsh-Kemp would deprive this court of subject-matter jurisdiction).

Finally, while the plaintiffs' objection also asserts that, even if Marsh-Kemp is dismissed from the case, it would remain subject to discovery requests and an obligation to preserve relevant documents, the court need not and does not address those assertions at this time.

The defendants' motion to dismiss (document no. 5) is DENIED as moot.  The plaintiffs' claims against Marsh-Kemp are DISMISSED without prejudice, and its status as a party is TERMINATED.  The deputy clerk shall schedule this case for a preliminary pretrial conference.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 18, 2012

cc:  Emily G. Rice, Esq.
     Jeremy David Eggleton, Esq.
     Edward M. Kaplan, Esq.
     Richard E. Heifetz, Esq.